**ROBINS KAPLAN LLP**
David Martinez, Bar No. 193183
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
DMartinez@RobinsKaplan.com

**ROBINS KAPLAN LLP**
Christopher K. Larus (*pro hac vice* to be filed)
William E. Manske (*pro hac vice* to be filed)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
CLarus@RobinsKaplan.com
WManske@RobinsKaplan.com

Attorneys for Plaintiff
Cameron Gainer, an individual

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Cameron Gainer, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>The Ketchum Group, Inc. d/b/a<br>Outdoor Technology,<br><br>          Defendant. | Case No. 8:17-cv-00672<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

Plaintiff Cameron Gainer for his complaint against Defendant The Ketchum Group, Inc. d/b/a Outdoor Technology states and alleges as follows:

### Parties

1.     Plaintiff Cameron Gainer ("Mr. Gainer") is an individual residing in Minneapolis, Minnesota.

2.     Upon information and belief, Defendant The Ketchum Group, Inc. d/b/a Outdoor Technology is a corporation organized and existing under the laws of the State of California, with its principal place of business in Laguna Hills, California. Defendant imports, manufactures, distributes, and/or markets a variety of consumer products, including consumer electronics, electronic accessories, and branded apparel. Upon information and belief, Defendant is qualified to do business, and is doing business, in this District.

### Jurisdiction and Venue

3.     This is a civil action seeking injunctive relief and damages for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

4.     This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367. Specifically, this Court has federal question jurisdiction in this matter, in that Plaintiff seeks injunctive relief and damages against the Defendant under Sections 501, 502, 503, 504, and 505 of the Copyright Act of 1976 (17 U.S.C. §§ 501-505, inclusive).

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), and/or § 1400(a), as a substantial part of the events and omissions giving rise to the claims herein occurred in this District, and Defendant is subject to personal jurisdiction in this District.

6.     Upon information and belief, Defendant resides in this District, and regularly conducts business in this market, including the sale of products that infringe Plaintiff's copyrights.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

7.     Moreover, upon information and belief, Defendant intentionally engaged in the wrongful conduct set forth below in this District. Plaintiff's claims set forth herein arise out of Defendant's forum-related activities, and the exercise of jurisdiction in this District would be reasonable.

**General Allegations**

**A.     Mr. Gainer is a globally recognized, award-winning artist.**

8.     Mr. Gainer is a globally recognized fine artist working in a broad range of artistic media. He is the recipient of numerous national honors, including a Smithsonian Artist Research Fellowship, a McKnight Foundation Fellowship, a Pollack-Krasner Grant, and a Jerome Travel and Research Fellowship.

9.     Mr. Gainer's diverse body of work includes several well-recognized works that have been shown at top museums around the world, including exhibits at the Walker Art Center, the Minneapolis Institute of Art in Minneapolis, the Koenig and Clinton Gallery in New York City, the McClain Gallery in Houston, Art Kino in Rijeka, Croatia, and the French Cultural Institute in Torino, Italy.

10.     One of Mr. Gainer's most celebrated works is titled "*Forest Through The The Trees*" and reflects Mr. Gainer's unique, original sculptural expression of the mythological creature known as Bigfoot. Mr. Gainer's "*Forest Through The The Trees*" sculpture work is depicted in Mr. Gainer's original photograph below:

//
//
//
//
//
//
//
//
//

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS



11.   Mr. Gainer's *Forest Through The The Trees* sculpture reflects his original artistic expression of the Bigfoot myth, including Mr. Gainer's unique choice of body posture, position of limbs, hair length and texture, and facial details.

12.   Mr. Gainer owns all right, title, and interest in and to the copyrights in the *Forest Through The The Trees* sculptural work, as well as his original photographic depiction of this famous sculptural work (hereinafter, collectively, "the *Forest Through The The Trees* Works"). The *Forest Through The The Trees* Works are the subject of valid pending copyright registrations with the Register of Copyright, U.S. Copyright Office, Case Nos. 1-4100403471, 1-4100447437. True and correct copies of these pending copyright registrations are attached hereto as **Exhibit A**.

13.   Mr. Gainer's *Forest Through The The Trees* Works have been widely displayed to the public and published. For example, Mr. Gainer's *Forest Through*

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

*The The Trees* sculptural work was originally publicly displayed at Socrates Sculpture Park in Queens in 2006, and was later publicly displayed at the Contemporary Art Museum at the University of South Florida and Brigham Young University Art Museum in Provo, Utah. Mr. Gainer's photographic depiction of this sculptural work has also been publicly available and published on the Internet.

**B.      Defendant's Unlawful Infringement of Mr. Gainer's Copyrights.**

14.      In an effort to expand its commercial sales of products, Defendant, either directly or through its agents, unlawfully copied Mr. Gainer's *Forest Through The The Trees* Works and created an unauthorized derivative work based upon Mr. Gainer's *Forest Through The The Trees* Works ("Defendant's Infringing Derivative Work").

15.      Defendant's Infringing Derivative Work is a two dimensional image depicted in silhouette that directly copies numerous original aspects of Mr. Gainer's copyrighted *Forest Through The The Trees* Works, including Mr. Gainer's unique choice of body posture, position of limbs, hair length and texture, and facial details. An example of Defendant's Infringing Derivative Work is depicted below and attached hereto as **Exhibit B**.

//
//
//
//
//
//
//
//
//
//
//

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

1
2
3
4
5
6
7
8
9
10
11
12



13    16.    A side-by-side comparison of Mr. Gainer's copyrighted *Forest*

14  *Through The The Trees* Works and the Defendant's Infringing Derivative Work

15  (the silhouette incorporated in Defendant's Infringing Derivative Work) is shown

16  below:

17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

17.    As demonstrated in this side-by-side comparison, the silhouette incorporated in Defendant's Infringing Derivative Work is substantially similar to original expressive elements of Mr. Gainer's *Forest Through The The Trees* Works, including Mr. Gainer's specific choices of hair length and texture.

18.    In fact, Defendant's Infringing Derivative Work replicates nearly exactly the upper portions of Mr. Gainer's *Forest Through The The Trees* Works identically, including Mr. Gainer's original expressive elements such as body posture, head angle, hair length and texture, and facial outline.

//

//

//

//

//

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



19.     Defendant has actively sought to conceal its infringement of Mr. Gainer's copyrights in the *Forest Through The The Trees* Works.  For example, prior to initiation of this litigation, Mr. Gainer's counsel contacted Defendant to request that Defendant cease its infringement. In response, Defendant's CEO asserted that the original designer of Defendant's Infringing Derivative Work had confirmed that "he is not familiar with Mr. Gainer, nor his works." Defendant's CEO further asserted that "[t]he original designer has also confirmed that he is the sole creator of the [Defendant's Infringing Derivative Work], without inspiration from Mr. Gainer." Given the obvious and substantial similarity of Defendant's Infringing Derivative Work to the original expressive details of Mr. Gainer's *Forest Through The The Trees* Works, these assertions are clearly false. Defendant further claimed that Mr. Gainer's claims were "baseless" and "unfounded." True and correct copies of the correspondence between Mr. Gainer's counsel and Defendant are attached hereto as **Exhibit C and D**.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

**C.    The Widespread Commercial Use Of Defendant's Infringing Derivative Work.**

20.    Defendant has made widespread commercial use of Defendant's Infringing Derivative Work. For example, Defendant utilizes its Infringing Derivative Work as the primary design element on a variety of clothing items, including hats, shirts, sweatshirts, and accessories sold by Defendant.

21.    Defendant has also affixed its Infringing Derivative Work to a wide variety of personal electronics, electronic accessories and branded apparel sold by Defendant through the Internet and a variety of retailers. Upon information and belief, nearly every product sold by Defendant incorporates one or more depictions of Defendant's Infringing Derivative Work.

22.    In addition, Defendant has extensively utilized its Infringing Derivative Work to advertise and promote its products, including personal electronics, electronic accessories and branded apparel. For example, Defendant's Infringing Derivative Work is depicted throughout the Internet website located at the URL http://www.outdoortechnology.com/ through which Defendant advertises and promotes its products.

23.    Upon information and belief, Defendant has realized substantial profits through its unauthorized copying and use of Defendant's Infringing Derivative Work.

24.    Defendant's acts have caused, and will continue to cause, irreparable harm and injury to Mr. Gainer for which he has no adequate remedy at law.

25.    Since receiving Mr. Gainer's express notice of its infringement, Defendant has not taken any steps to cease or remediate its copyright infringement, and has continued to reproduce, publicly display, and utilize Defendant's Infringing Derivative Work without abatement. Upon information and belief, absent an injunction, Defendant will continue to reproduce, publicly display, and utilize Defendant's Infringing Derivative Work without abatement.

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

26.     Moreover, Defendant's extensive reproduction, public display, and use of Defendant's Infringing Derivative Work has decreased the uniqueness of Mr. Gainer's *Forest Through The The Trees* Works, and deprived Mr. Gainer of his exclusive right to control the exploitation of his copyrights in the *Forest Through The The Trees* Works. As a result, Defendant's continued reproduction, public display, and commercial use of Defendant's Infringing Derivative Work has damaged and will continue to damage Mr. Gainer's reputation and goodwill.

27.     Accordingly, Defendant should be enjoined and restrained from any further or continued reproduction, public display, and commercial use of Defendant's Infringing Derivative Work, or any other derivative work based upon Mr. Gainer's *Forest Through The The Trees* Works.

28.     Pursuant to 17 U.S.C. § 502, Mr. Gainer is entitled to a preliminary and permanent injunction against Defendant's continuing acts of infringement.

## Claim for Relief

### (*Copyright Infringement*)

29.     Mr. Gainer realleges and incorporates herein by reference each and every allegation set forth above.

30.     Mr. Gainer has complied in all respects with the copyright laws of the United States, 17 U.S.C. §101 *et seq.*, and has secured exclusive copyrights in and to the *Forest Through The The Trees* Works.

31.     Defendant has infringed Mr. Gainer's exclusive copyrights in the *Forest Through The The Trees* Works through its reproduction and creation of derivative works based upon the *Forest Through The The Trees* Works, and its reproduction and public display of Defendant's Infringing Derivative Work.

32.     Defendant's access to Mr. Gainer's copyrighted *Forest Through The The Trees* Works is established by, among other things, the notoriety of Mr. Gainer's *Forest Through The The Trees* Works, the public display and publication of the *Forest Through The The Trees* Works as described above, and the fact that

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

1  Defendant's Infringing Derivative Work is strikingly similar to Mr. Gainer's
2  copyrighted works, as shown above.

3       33.   Upon information and belief, Defendant's infringement was willful.

4       34.   Defendant's infringing acts have caused and will continue to cause
5  irreparable harm to Mr. Gainer unless restrained by this Court. Mr. Gainer has no
6  adequate remedy at law. Mr. Gainer is therefore entitled to an order enjoining and
7  restraining Defendant, during the pendency of this action and permanently
8  thereafter, from further and continuing acts of infringement.

9       35.   Mr. Gainer is also entitled to recover damages and monetary recovery
10 in an amount to be proven at trial.

11                              **Prayer for Relief**

12      WHEREFORE, Plaintiff Cameron Gainer prays for relief against Defendant
13 The Ketchum Group, Inc. d/b/a Outdoor Technology as follows:

14      1.    Granting Mr. Gainer preliminary and permanent injunctive relief,
15 enjoining Defendant and all those acting in concert with it from further and
16 continuing infringement of Mr. Gainer's copyrights, including any further
17 reproduction, public display, or commercial use of Defendant's Infringing
18 Derivative Work, or any other derivative work based upon Mr. Gainer's *Forest*
19 *Through The The Trees* Works;

20      2.    Awarding Mr. Gainer damages and monetary relief in such amount as
21 may be found, or as otherwise permitted by law, including without limitation Mr.
22 Gainer's actual damages and recovery of Defendant's wrongfully gotten profits, or
23 in the alternative, in Mr. Gainer's discretion and should he so elect, statutory
24 damages;

25      3.    Directing an accounting of all profits obtained by Defendant from its
26 unauthorized reproduction, public display, or use of Defendant's Infringing
27 Derivative Work, including without limitation all profits obtained by Defendant
28 through the sale of any product depicting Defendant's Infringing Derivative Work;

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

1  or advertised, promoted, or sold in association with Defendant's Infringing
2  Derivative Work;

3      4.    For prejudgment interest on all damages and monetary relief awarded
4  by this Court;

5      5.    For reasonable attorneys' fees and costs of suit incurred herein; and

6      6.    For such other and further relief as the Court deems just and proper.

7  **DEMAND FOR JURY TRIAL**

8      Mr. Gainer hereby demands a jury trial as provided by Rule 38(a) of the
9  Federal Rules of Civil Procedure.

DATED:  April 13, 2017          **ROBINS KAPLAN LLP**

By:  /s/ David Martinez
       David Martinez
Attorneys for Plaintiff Cameron Gainer, an
individual

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

COMPLAINT FOR COPYRIGHT
INFRINGEMENT

# EXHIBIT A



Home | 🛒 | My Profile | Help | Contact Us | Log Out

COPYRIGHT HOME



## Case Summary:

| | | | |
|---|---|---|---|
| **Case #:** 1-4100403471 | **Type of Case:** Work of the Visual Arts | **Opened:** 10/21/2016 | |
| **Title:** FOREST THROUGH THE THE TREES | | **Contact Name:** Paula Peterson | |
| **Fee Due:** 55.00 | **Service Fee Paid:** 55.00 | **Claim Status:** Pending | |

## Submit Your Work(s)

To complete your submission, please submit the required copy(ies) of your work. You may (1) upload electronic files if the work meets the requirements; otherwise, you must (2) send the work by mail (do not do both).

(1) Upload your work(s): Please perform the following steps for the case(s) in the table below.
**Step 1:** Click the "Select files to upload" button. Using your computer's browser, select your files for the corresponding work then click the "Start upload" button.
**Step 2:** After uploading all files for this work, click the corresponding "Complete Your Submission" button. Files cannot be uploaded later than 5 days after your first file is received.

**Please note: Files cannot be returned or deleted once uploaded. To avoid delays and/or a later effective date of registration, please verify the following before uploading a copy of your work(s):**

- It is a category of work that may be uploaded
- It is an acceptable file type
- It is an acceptable file size

## Upload Your Work(s)

◁ 1 - 1 of 1 ▷

| Case Details | Step 1: Select & Upload Files | Step 2: Complete Your Submission |
|---|---|---|
| **Case #:** 1-4100403471 **Title:** FOREST THROUGH THE THE TREES **Volume:** **Number:** **Issue Date:** **Type of Work:** Work of the Visual Arts | | Claim submission completed; no further action required Click here for more information View Uploaded File Names |

## Updates

◁ 1 - 1 of 1 ▷

| Comments ⇕ | Activity Type ⇕ | Status ⇕ | Created ⇕ |
|---|---|---|---|
| Submitted by PETEPL on 10/21/2016 | Upload Deposit | Received | 10/21/2016 12:49:07 PM |

**(2) Send Your Work(s) by Mail:**

- Click the "Create Shipping Slip" button in the table below; a Shipping Slip link will appear in the Attachments column.

- Click the Shipping Slip link and print out and attach the shipping slip(s) to your deposit copy(ies). For multiple cases, be sure to attach shipping slips to the corresponding copies.

- Mail the deposit copy(ies) within 30 days to the Copyright Office address at the bottom of the slip.Note: Your effective date of registration will be based on the date on which we receive the copies **with corresponding shipping slips attached**.

Click "Home" after uploading files(s) or printing shipping slip(s). You may verify the submission in the open Cases table on your eCO Home page.

## Send Your Work(s) by Mail

|| Create Shipping Slip ||

No Records ▷

| Attachment Name ⇕ | File Type ⇕ | Size ⇕ | Date and Time ⇕ | Comments ⇕ |
|---|---|---|---|---|

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and

https://eco.copyright.gov/...d=Login&SWEPL=1&SRN=lLiRfF96oQoZeTJlype0R5f8OlKgK5sB6qv80hXx1AAb&SWETS=1487886702839[2/23/2017 3:57:57 PM]

benefits under the copyright law.

Take Our Survey!

**Registration #:** *-APPLICATION-*
**Service Request #:** 1-4100403471

## Mail Certificate

Robins Kaplan LLP
Christopher K Larus
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402 United States

**Priority:** Routine          **Application Date:** October 21, 2016

## Correspondent

| | |
|---|---|
| **Organization Name:** | Robins Kaplan LLP |
| **Name:** | Christopher K Larus |
| **Email:** | clarus@robinskaplan.com |
| **Telephone:** | (612)349-0116 |
| **Fax:** | (612)339-4181 |
| **Address:** | c/o Christopher K. Larus |
| | 800 LaSalle Avenue, Suite 2800 |
| | Minneapolis, MN 55402 United States |

Registration Number

# *-APPLICATION-*

## Title _____

**Title of Work:** FOREST THROUGH THE THE TREES

## Completion/Publication _____

**Year of Completion:** 2006
**Date of 1st Publication:** September 10, 2006
**Nation of 1st Publication:** United States

## Author _____

- **Author:** CAMERON GAINER
  **Author Created:** sculpture
  **Work made for hire:** No
  **Citizen of:** United States
  **Year Born:** 1973

## Copyright Claimant _____

**Copyright Claimant:** CAMERON GAINER
Cristopher K. Larus, c/o Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN, 55402, United States

## Rights and Permissions _____

**Name:** CAMERON GAINER
**Email:** camerongainer@gmail.com
**Telephone:** (718)440-4486

## Certification _____

**Name:** /Cameron Gainer/
**Date:** October 21, 2016



 **Copyright** United States Copyright Office

COPYRIGHT HOME

Home | 🛒 | My Profile | Help | Contact Us | Log Out

**<< Back**

### Case Summary:

| | | | | |
|---|---|---|---|---|
| **Case #:** 1-4100447437 | **Type of Case:** Work of the Visual Arts | | **Opened:** 10/21/2016 | |
| **Title:** FOREST THROUGH THE THE TREES | | **Contact Name:** Paula Peterson | | |
| **Fee Due:** 55.00 | **Service Fee Paid:** 55.00 | **Claim Status:** Pending | | |

## Submit Your Work(s)

To complete your submission, please submit the required copy(ies) of your work. You may (1) upload electronic files if the work meets the requirements; otherwise, you must (2) send the work by mail (do not do both).

(1) Upload your work(s): Please perform the following steps for the case(s) in the table below.
**Step 1:** Click the "Select files to upload" button. Using your computer's browser, select your files for the corresponding work then click the "Start upload" button.
**Step 2:** After uploading all files for this work, click the corresponding "Complete Your Submission" button. Files cannot be uploaded later than 5 days after your first file is received.

**Please note: Files cannot be returned or deleted once uploaded. To avoid delays and/or a later effective date of registration, please verify the following before uploading a copy of your work(s):**

- It is a category of work that may be uploaded
- It is an acceptable file type
- It is an acceptable file size

## Upload Your Work(s)

◄ 1 - 1 of 1 ►

| Case Details | Step 1: Select & Upload Files | Step 2: Complete Your Submission |
|---|---|---|
| **Case #:** 1-4100447437<br>**Title:** FOREST THROUGH THE THE TREES<br>**Volume:**<br>**Number:**<br>**Issue Date:**<br>**Type of Work:** Work of the Visual Arts | | Claim submission completed; no further action required<br>Click here for more information<br>View Uploaded File Names |

## Updates

◄ 1 - 1 of 1 ►

| Comments ⇕ | Activity Type ⇕ | Status ⇕ | Created ▼ |
|---|---|---|---|
| Submitted by PETEPL on 10/21/2016 | Upload Deposit | Received | 10/21/2016 01:01:32 PM |

**(2) Send Your Work(s) by Mail:**

- Click the "Create Shipping Slip" button in the table below; a Shipping Slip link will appear in the Attachments column.

- Click the Shipping Slip link and print out and attach the shipping slip(s) to your deposit copy(ies). For multiple cases, be sure to attach shipping slips to the corresponding copies.

- Mail the deposit copy(ies) within 30 days to the Copyright Office address at the bottom of the slip. Note: Your effective date of registration will be based on the date on which we receive the copies **with corresponding shipping slips attached**.

Click "Home" after uploading files(s) or printing shipping slip(s). You may verify the submission in the open Cases table on your eCO Home page.

## Send Your Work(s) by Mail

**|| Create Shipping Slip ||**

No Records

| Attachment Name ⇕ | File Type ⇕ | Size ⇕ | Date and Time ⇕ | Comments ⇕ |
|---|---|---|---|---|

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and

https://eco.copyright.gov/...d=Login&SWEPL=1&SRN=lLiRfF96oQoZeTJlype0R5f8OlKgK5sB6qv80hXx1AAb&SWETS=1487886702839[2/23/2017 3:56:59 PM]

Electronic Copyright Office (eCO)

benefits under the copyright law.

Take Our Survey!

Exhibit A, Page 18

**Registration #:**    *-APPLICATION-*
**Service Request #:**    1-4100447437

## Mail Certificate

Robins Kaplan LLP
Christopher K Larus
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402 United States

**Priority:**   Routine       **Application Date:**   October 21, 2016

## Correspondent

**Organization Name:**   Robins Kaplan LLP
**Name:**   Christopher K. Larus
**Email:**   clarus@robinskaplan.com
**Telephone:**   (612)349-0116
**Fax:**   (612)339-4181
**Address:**   800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402 United States

Registration Number

# *-APPLICATION-*

## Title _____

**Title of Work:** FOREST THROUGH THE THE TREES

## Completion/Publication _____

**Year of Completion:** 2006
**Date of 1st Publication:** September 10, 2006
**Nation of 1st Publication:** United States

## Author _____

- **Author:** CAMERON GAINER
  **Author Created:** photograph
  **Citizen of:** United States
  **Year Born:** 1973

## Copyright Claimant _____

**Copyright Claimant:** CAMERON GAINER
1235 4TH STREET NE, MINNEAPOLIS, MN, 55413, United States

## Rights and Permissions _____

**Name:** CAMERON GAINER
**Email:** camerongainer@gmail.com
**Telephone:** (718)440-4486

## Certification _____

**Name:** /Cameron Gainer/
**Date:** October 21, 2016

# EXHIBIT B



**OUTDOOR TECH.**

**CHIPS**

# UNIVERSAL WIRELESS HELMET AUDIO

Hi.



Good call on picking up the Outdoor Tech® Chips, universal wireless helmet audio.  Your experience of the universe will soon be enhanced wirelessly.  This manual exists to help make sure that you use them correctly, so you're definitely going to want to relax for a hot second and look through this.

Kisses,



# ⎮ANATOMY



- 🔵 Left ear button
- 🟡 Right ear button
- 🟢 Microphone
- 🔴 LED light
- 🟠 Charge port

# ▮ANATOMY (CONTINUED)



| FUNCTION | EARPIECE | ACTION |
|---|---|---|
| Power On | RIGHT ◻ | Press for 3 sec |
| Power Off | RIGHT ◻ | Press for 3-5 sec |
| Enter Pairing Mode | RIGHT ◻ | Press for 5-7 sec |
| | | |
| Answer | RIGHT ◻ | Short press once |
| Reject | RIGHT ◻ | Press for 2 sec |
| Hang Up | RIGHT ◻ | Short press once |
| Mute | RIGHT ◻ | Short press twice |
| | | |
| Play | RIGHT ◻ | Short press once |
| Pause | RIGHT ◻ | Short press once |
| | | |
| Skip Forward | ● LEFT | Press till song skips |
| Skip Back | ● LEFT | Press for 3 sec |
| | | |
| Raise Volume | ● LEFT | Short press twice |
| Lower Volume | ● LEFT | Short press once |
| Mute | RIGHT ◻ | Short press twice |

# **█POWER UP**



For best results, fully charge your Chips before use.

The indicator light located on the right ear piece will flash red to indicate a low battery.

NOTE: It takes 2.5 hours to give your Chips a full charge.

# ▎PAIRING



## To pair the Chips with a Bluetooth-enabled device:

Prior to using the OT Chips for the first time, you will have to pair them with a Bluetooth-enabled device. The pairing procedure may vary for different devices. Please refer to your device's user manual for further information.  The general pairing procedure is as follows:

1.) Place the OT Chips and Bluetooth-enabled device no more than 3 feet apart.
2.) Hold the right ear button down until the LED flashes red and blue alternately.
3.) Activate your device's Bluetooth function and set your device search for Bluetooth devices within range.  Select "OT CHIPS" from the list of devices shown.
4.) According to the indication, enter password or Use pairing code: 0000.
5.) If prompted by your device to connect, select "Yes" (this will vary among devices)
6.) After successfully connecting, the blue LED will flash twice or three times every 4 seconds.

You should now be able to play music & make/receive calls using the headset.  Hooray.

# ▌TALK



The built-in microphone means that the Chips can be used wirelessly.

**\*NOTE:** The built-in microphone only works when connected via Bluetooth.

The following are tips on how to use your Chips to speak on the telephone:

Answer a call............. Press right ear button

End a call.................. Press right ear button

Decline a call............ Press and hold the right ear button for two seconds

Make a call............... Use your phone to dial as usual Listen and talk through the Chips

Mute/cancel mute during a call.............. Press the right ear button twice

Transfer conversation to mobile phone or headset during call.. Press and hold right ear button for 2 seconds

Volume up during a call.......................... Press and hold left ear button for 2 seconds

Volume down during a call....................... Press left ear button

# ▍SPECS



**Battery life...........**  Music playing/9 hours, talk time/10 hours standby time 200 hours

*Battery life varies subject to different playing circumstances, such as music type and volume.

**Bluetooth Version....**  V2.1
**Bluetooth Profiles....**  A2DP, AVRCP
**Operating distance..**  30 feet
**Charging input........**  DC5.0V/90~130mA
**Dimensions.............**  51x14.5mm
**Weight.....................**  60g
**Battery capacity......**  240mAH

 **FAQ**



## Why is the red LED flashing twice every 20 seconds?
The battery is low.  Recharge it.

## Why is the red LED off when charging?
A. Make sure the connection between the charging cable and the Chips is tight.
B. If the Chips haven't been used in awhile, the light may not come on immediately. Charge the battery for at least 30 minutes.

## Why can't I pair my Chips?
Your bluetooth device and the Chips must both be in pairing mode.

## Why do I have Bluetooth signal loss/dropout/un-clear conversations?
A. Move your Chips closer to your device.
B. Make sure your Chips are charged up.
C. Turn off your Chips and device, then power up and reconnect.

## Why can't the Chips hear my voice during a call?
A. Make sure the Chips are on.
B. Make sure the volume is not too low or muted.
C. Make sure the Chips are properly connected with your device.
D. Make sure the Chips are within range of your device.

# CARE & MAINTENANCE



-Keep the Chips dry
-Keep the Chips away from direct sunlight or hot
 places.  High temperatures will shorten the life
 of electronic devices, destroy the battery or
 distort certain plastic parts.
-Do not try to disassemble the Chips.
-Do not let the Chips fall onto the floor or other
 hard surfaces.  The internal circuit board may get
 damaged.
-Do not use intensive chemical products or
 detergent to clean the product.
-Do not scratch the surface with sharp things.

# ▍PUT THE CHIPS IN YOUR HELMET



1. Drop the Chips into the slots inside your helmet liner.



2. Rock out, make calls, and, you know, ski and snowboard and whatnot.

# ▍JACK IT IN

The included 3.5mm cord allows you to rock out when the Chips are out of power.



Plug one end into the Chips, and the other into your preferred music playing robotic device.  Then proceed to rock out.

*The microphone will no longer function while you're playing music through the 3.5mm jack.  Sorry.

# DON'T BE SO ANTISOCIAL



Facebook.com/outdoortech
Twitter & Instagram: @outdoortech

Questions, comments, complaints, secret desires,
or just to say what's up:  email info@outdoortech.com

K bye.



## outdoortech.com

Exhibit B, Page 34



# EXHIBIT C

**ROBINS KAPLAN**LLP

800 LASALLE AVENUE
SUITE 2800
MINNEAPOLIS MN 55402

612 349 8500 TEL
612 339 4181 FAX
ROBINSKAPLAN.COM

Christopher K. Larus
CLarus@RobinsKaplan.com
612-349-0116

*Via Federal Express*

November 17, 2016

Mr. Charles Gugliuzza
Chief Executive Officer
Ketchum Group, Inc. d/b/a Outdoor Technology
25231 Paseo De Alicia
Suite 200
Laguna Hills, CA 92653

Re: *Infringement of Cameron Gainer's Intellectual Property*

Dear Mr. Gugliuzza:

We represent Cameron Gainer in various intellectual property matters. As you may know, Mr. Gainer is a globally recognized conceptual artist working in a broad range of artistic fields. He is the recipient of numerous national honors, including a Smithsonian Artist Research Fellowship, a McKnight Foundation Fellowship, a Pollack-Krasner Grant, and a Jerome Travel and Research Fellowship. His diverse body of work includes several well-recognized sculptural and photographic works. His work has been shown at many of the top museums around the world, including exhibits at the Walker Art Center, the Minneapolis Institute of Art in Minneapolis, the Koenig and Clinton Gallery in New York City, the McClain Gallery in Houston, Art Kino in Rijeka, Croatia, and the French Cultural Institute in Torino, Italy.

This letter concerns one of Mr. Gainer's most celebrated works titled "*Forest Through The The Trees*" which reflects Mr. Gainer's unique sculptural expression of the mythological creature known as Bigfoot. Mr. Gainer's sculpture *Forest Through The The Trees* was originally publicly displayed at Socrates Sculpture Park in Queens in 2006, and was later publicly displayed at the Contemporary Art Museum at the University of South Florida and Brigham Young University Art Museum in Provo, Utah. Mr. Gainer owns all right, title, and interest in and to the copyrights in this sculptural work as well as photographic depictions of this famous sculptural work (collectively, the "*Forest Through The The Trees* works"). Mr. Gainer's photographic depictions include the following:

November 17, 2016
Page 2



Mr. Gainer's exclusive copyrights give Mr. Gainer sole and exclusive rights to reproduce or publicly display the *Forest Through The The Trees* works or create derivative works therefrom.

It has recently come to Mr. Gainer's attention that Outdoor Technology (hereinafter, "Outdoor Tech") has distributed and publicly displayed a logo which constitutes an unauthorized derivative work based upon Mr. Gainer's *Forest*

November 17, 2016
Page 3
*Via Federal Express*

*Through The The Trees* works. A depiction of this unauthorized derivative work is shown below:



This unauthorized derivative work reproduces the exact relative dimensions, pose, and fur arrangement of Mr. Gainer's *Forest Through The The Trees* works, as shown below.

November 17, 2016
Page 4

*Via Federal Express*



We do not know if Outdoor Tech created this derivative work itself or if the derivative work was created by an outside agency for the benefit of Outdoor Tech. In either event, however, the copying, distribution, and public display of this logo was without permission or license from Mr. Gainer and constitutes a clear infringement of his copyrights.

In view of the above, we hereby request that Outdoor Tech immediately cease and desist from further violations of Mr. Gainer's copyrights, including without limitation any further unauthorized replication or derivative reproduction of Mr. Gainer's *Forest Through The The Trees* works. We further request that by **December 1, 2016**, Outdoor Tech confirm in writing its agreement to: (1) cease and desist from all further or continuing copying of the *Forest Through The The Trees* works; (2) destroy all inventory of any products or promotional materials that depict the unauthorized derivative work; and (3) provide written confirmation of such destruction. Alternatively, if Outdoor Tech is interested in pursuing a license that would allow it to continue existing uses of its infringing derivative work, please contact me by this date.

Mr. Gainer is not a litigious person and has no desire to engage in costly and protracted legal proceedings with your company. On the other hand, Mr. Gainer is a highly regarded artist whose livelihood depends upon his unique and highly creative artwork. Mr. Gainer is not a commercial artist and has chosen not to regularly license his work for commercial purposes. Accordingly, the unauthorized use of his works for commercial purposes has caused and will continue to cause Mr. Gainer substantial monetary and reputational harm. If

November 17, 2016
Page 5

*Via Federal Express*

Outdoor Tech is not willing to resolve this matter quickly as outlined in this letter, Mr. Gainer reserves his right to take all actions necessary to protect his intellectual property rights from Outdoor Tech's unauthorized copying and derivative use.

As always, if you have any questions regarding Mr. Gainer's position in this matter, please contact me. We await your prompt response.

Sincerely,

Christopher K. Larus

# EXHIBIT D

# OUTDOOR TECH.

25201 Paseo De Alicia, Ste. 105, Laguna Hills, CA 92653 - www.outdoortech.com - Main: 310-677-0190 – Fax: 310-388-0384

November 30, 2016

VIA EMAIL:  CLarus@RobinsKaplan.com

Christopher K. Larus
Robins & Kaplan LLP
800 LaSalle Ave., Ste. 2800
Minneapolis, MN 55402

   Re: Infringement Claim of Cameron Gainer's Intellectual Property

Dear Mr. Larus:

  This communication is to confirm receipt of your letter dated, November 17, 2016.  We at Outdoor Tech take matters regarding intellectual property very seriously.  Your client's claim makes serious accusations regarding Outdoor Tech's intellectual property portfolio and business integrity.

  We have researched your claim and find it to be baseless. It appears that Mr. Gainer's works, "Forest Through The Trees" is based upon a very common and historical mythological creature, the "Bigfoot" or "Sasquatch", as it is commonly referred to in the United States. It appears that Mr. Gainer's works are patterned off of the widely publicized 1967 "Patterson-Gimlin" film and corresponding still images associated with that film (See Attachment 1 – Patterson Gimlin Wikipedia Excerpt).  If there is argument to be made regarding similarity, it is most likely related to the common publication of this generally known mythological creature, as opposed to a claim of derivative use.

  The Outdoor Tech Logo, "The Yowie", is a registered mark of Outdoor Tech, with a U.S. Registration of 4,048,475 and associated registrations for marks 3,753,993, 3,769,520, 3,701,514 and 3,912,697.  Although Mr. Gainer may be a well-respected and known artist, we have confirmed with the original designer that he is not familiar with Mr. Gainer, nor his works.  The original designer has also confirmed that he is the sole creator of the mark, without inspiration from Mr. Gainer. The mark itself, in addition to being based upon the Yowie (See Attachment 2 – Public Yowie Images), an Australian based mythological creature, is markedly different in appearance. Mr. Gainer's work appears to be a life like statute of the Bigfoot, whereas the Yowie Logo is a flattened silhouette encompassed by a red circle. The physical orientation of the images are different, and there are several more varying differences in the geometric shape of the image (See Attachment 3 – Geometric Image Comparisons).

  It is not clear if Mr. Gainer's claim is to the "Bigfoot" itself, or simply his derivative work based upon the various and widely publicized images associated with the common historical mythological creature.  It is interesting to note the similarities of Mr. Gainer's intellectual property and the image portrayed in the Patterson-Gimlin film, which predates Mr. Gainer's works. In summary, there is no concern of public mistake and confusion between the two images. There is no connection of monetary damage between the distinct Yowie mark, and Mr. Gainer's works. As previously stated, Outdoor Tech completely denies those allegations of Mr. Gainer and believe them to be unfounded.

# OUTDOOR TECH.

25201 Paseo De Alicia, Ste. 105, Laguna Hills, CA 92653 - www.outdoortech.com - Main: 310-677-0190 – Fax: 310-388-0384

Outdoor Tech will take all actions to vigorously protect its intellectual property, brand name and business integrity. Mr. Gainer's accusations are deemed an affront on the business reputation and highly valued brand of the Outdoor Tech name, and its registered marks. In the event such claims are publicly propagated in either verbal or written form, Outdoor Tech will protect its brand name and take all appropriate legal action in its defense. Outdoor Tech deems Mr. Gainer's claims to be frivolous and without merit. Should litigation ensue, Outdoor Tech will seek all appropriate damages associated with the levying of these baseless claims.

At this point, unless we hear otherwise from you we will deem this matter resolved.

Very truly yours,

Charlie Gugliuzza, CEO

# OUTDOOR TECH.

25201 Paseo De Alicia, Ste. 105, Laguna Hills, CA 92653 - www.outdoortech.com - Main: 310-677-0190 – Fax: 310-388-0384

**ATTACHMENT 1 – Patterson Gimlin Wikipedia Excerpt**

# Patterson–Gimlin film

From Wikipedia, the free encyclopedia

Jump to: navigation, search



Frame 352 of the film, alleged to depict a female Bigfoot, known informally as "Patty," looking back at Patterson and Gimlin.[1]

The **Patterson–Gimlin film** (also known as the **Patterson film** or the **PGF**) is a famous short motion picture of an unidentified subject the filmmakers said was a Bigfoot. The footage was shot in 1967, and has since been subjected to many attempts to authenticate or debunk it.

The footage was filmed alongside Bluff Creek, a tributary of the Klamath River, about 25 logging-road miles northwest of Orleans, California, in Humboldt County. The film site is roughly 38 miles south of Oregon and 18 miles east of the Pacific Ocean.[2] For decades, the exact location of the site was lost, primarily because of re-growth of foliage in the streambed after the flood of 1964. It was rediscovered in 2011.[3][4][5] It is just south of a north-running segment of the creek informally known as "the bowling alley."

The filmmakers were **Roger Patterson** (February 14, 1933 – January 15, 1972) and **Robert "Bob" Gimlin** (born October 18, 1931). Patterson died of cancer in 1972 and "maintained right to the end that the creature on the film was real."[6] Patterson's friend, Gimlin, has always denied being involved in any part of a hoax with Patterson. Gimlin mostly avoided publicly discussing the subject from at least the early 1970s until about 2005 (except for three appearances),[7] when he began giving interviews and appearing at Bigfoot conferences.[8][9]

Exhibit D, Page 43

**OUTDOOR TECH.**

25201 Paseo De Alicia, Ste. 105, Laguna Hills, CA 92653 - www.outdoortech.com - Main: 310-677-0190 – Fax: 310-388-0384

The film is 23.85 feet long (preceded by 76.15 feet of "horseback" footage), has 954 frames,[10] and runs for 59.5 seconds at 16 frames per second. If the film was shot at 18 fps, as Grover Krantz believes,[11] the event lasted 53 seconds. The date was October 20, 1967, according to the filmmakers, although some critics believe it was shot earlier.[12][13][14][15]

# OUTDOOR TECH.

25201 Paseo De Alicia, Ste. 105, Laguna Hills, CA 92653 - www.outdoortech.com - Main: 310-677-0190 – Fax: 310-388-0384

## ATTACHMENT 2 – Public Yowie Images



**OUTDOOR TECH.**

25201 Paseo De Alicia, Ste. 105, Laguna Hills, CA 92653 -  www.outdoortech.com - Main: 310-677-0190 – Fax: 310-388-0384

**ATTACHMENT 3 - Geometric Image Comparisons**







Exhibit D, Page 46