THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
SAMY HARMOUSH (SBN 309966)
sharmoush@kneafseyfirm.com
800 Wilshire Blvd., Suite 710
Los Angeles, California 90017
Phone:  (213) 892-1200
Fax:  (213) 892-1208

Attorneys for Defendant and Counter-claimant
THE KETCHUM GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON GAINER, an individual<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE KETCHUM GROUP, INC., d/b/a OUTDOOR TECHNOLOGY,<br><br>　　　　　Defendant. | Case No.: 8:17-CV-00672<br><br>**DEFENDANT THE KETCHUM GROUP, INC.'S ANSWER TO PLAINTIFF's COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**[Demand for Jury Trial]** |
| THE KETCHUM GROUP, INC., d/b/a OUTDOOR TECHNOLOGY,<br><br>　　　　　Counter-claimant,<br><br>　　vs.<br><br>CAMERON GAINER, an individual<br><br>　　　　　Counter-defendant | |

Defendant Ketchum Group, Inc. ("Ketchum"), by and through its attorneys, hereby answers the Complaint of Cameron Gainer ("Plaintiff" or "Gainer"). Ketchum and sets forth its affirmative defenses and counterclaims as follows:

## ANSWER

1. Ketchum lacks information sufficient to admit or deny the allegations of paragraph 1 of the Complaint.

2. Ketchum admits the allegations of paragraph 2 of Plaintiff's Complaint.

3. As to paragraph 3 of Plaintiff's Complaint, Ketchum admits that the Complaint purports to state a cause of action for copyright infringement, but denies the merits of Plaintiff's claims.

4. As to paragraph 4 of Plaintiff's Complaint, Ketchum admits that the Court has subject matter and personal jurisdiction over this action.

5. As to paragraph 5 of Plaintiff's Complaint, Ketchum admits that venue is proper in this district.

6. As to paragraph 6 of Plaintiff's Complaint, Ketchum admits that it regularly conducts business in this market, but denies that it infringes on any valid copyrights of Plaintiff.

7. Ketchum admits that the Court has jurisdiction over this action but denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8. Ketchum lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint and on that basis denies the allegations of that paragraph.

9. Ketchum lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and on that basis denies the allegations of that paragraph.

10. Ketchum lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint and on that basis denies the allegations of that paragraph.

1        11.    Ketchum lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and on that basis denies the allegations of that paragraph.

      12.    Ketchum lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and on that basis denies the allegations of that paragraph.

      13.    Ketchum lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint and on that basis denies the allegations of that paragraph.

      14.    Ketchum denies the allegations of paragraph 14 of Plaintiff's Complaint.

      15.    Ketchum denies the allegations of the first sentence of paragraph 15 of Plaintiff's Complaint.  Ketchum admits that Plaintiff's Exhibit B contains Ketchum's logo.

      16.    Ketchum denies the accuracy of the side by side comparison set forth in Paragraph 16 of Plaintiff's Complaint, particularly to the extent the comparison is designed to contend that Ketchum infringes any copyrightable material created by Plaintiff.

      17.    Ketchum denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

      18.    Ketchum denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

      19.    Ketchum denies the allegations of Paragraph 19 of Plaintiff's Complaint with the exception that Ketchum admits that Exhibit C is a letter authored by Plaintiff's counsel and that Exhibit D is a letter authored by Ketchum's CEO.

/ / /

ANSWER TO COMPLAINT AND COUNTERCLAIMS

20. As to paragraph 20 of Plaintiff's Complaint, Ketchum denies that its logo infringes on Plaintiff's work but admits that it uses its logo on certain of its clothing products.

21. As to paragraph 21 of Plaintiff's Complaint, Ketchum denies that its logo infringes on Plaintiff's work, but admits that it uses its logo on certain of its electronics products.

22. As to paragraph 22 of Plaintiff's Complaint, Ketchum denies that its logo infringes on Plaintiff's work, but admits that it uses its logo on its website and on other advertising.

23. Ketchum denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Ketchum denies the allegations set forth in paragraph 24 of Plaintiff's Complaint

25. Ketchum denies the allegations of paragraph 25 of Plaintiff's Complaint.

26. Ketchum denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Ketchum denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Ketchum denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. As to Paragraph 29 of the Plaintiff's Complaint, Ketchum incorporates by reference Ketchum's responses above.

30. Ketchum lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint and on that basis denies the allegations of that paragraph.

31. Ketchum denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

1  32. Ketchum denies the allegations set forth in paragraph 32 of Plaintiff's
2  Complaint.
3  33. Ketchum denies the allegations set forth in paragraph 33 of Plaintiff's
4  Complaint.
5  34. Ketchum denies the allegations set forth in paragraph 34 of Plaintiff's
6  Complaint.
7  35. Ketchum denies the allegations set forth in paragraph 35 of Plaintiff's
8  Complaint.
9  36. Ketchum denies that Plaintiff is entitled to any relief, including his
10 request for a preliminary injunction or permanent injunction as set forth in
11 paragraph 1 of Plaintiff's prayer for relief.
12 37. Ketchum denies that Plaintiff is entitled to any monetary damages as
13 set forth in paragraph 2 of Plaintiff's prayer for relief.
14 38. Ketchum denies that Plaintiff is entitled to any relief set forth in
15 paragraph 3 of Plaintiff's prayer for relief.
16 39. Ketchum denies that Plaintiff is entitled to any relief set forth in
17 paragraph 4 of Plaintiff's prayer for relief.
18 40. Ketchum denies that Plaintiff is entitled to any relief set forth in
19 paragraph 5 of Plaintiff's prayer for relief.
20 41. Ketchum denies that Plaintiff is entitled to any relief set forth in
21 paragraph 6 of Plaintiff's prayer for relief.
22 42. Ketchum admits that Plaintiff's Complaint demands jury trial.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

ANSWER TO COMPLAINT AND COUNTERCLAIMS

## KETCHUM AFFIRMATIVE DEFENSES

43. Ketchum hereby assets the following Affirmative Defenses in this case:

### First Affirmative Defense

44. Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

45. Plaintiff's claims are barred by the applicable statute of limitations.

### Third Affirmative Defense

46. Plaintiff's claims are barred by the doctrine of fair use.

### Fourth Affirmative Defense

47. Plaintiff's claims are barred by the doctrines of laches.

### Fifth Affirmative Defense

48. Plaintiff's copyrights are invalid and/or unenforceable.

### Sixth Affirmative Defense

49. Plaintiff's claims are barred to the extent he has forfeited or abandoned his intellectual property.

### Seventh Affirmative Defense

50. Plaintiff's claims are barred by the doctrine of misuse of copyright.

### Eighth Affirmative Defense

51. Plaintiffs' claims are barred by the First Sale doctrine.

### Ninth Affirmative Defense

52. Plaintiff's claims are barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

53. Plaintiff's claims are barred by the doctrine of implied license.

### Eleventh Affirmative Defense

54. Plaintiff's claims are barred because Plaintiff lacks standing.

### Twelfth Affirmative Defense

55. Plaintiff's claims are barred to the extent Plaintiff lacks valid copyright registrations.

### Thirteenth Affirmative Defense

56. Plaintiff's claims are barred to the extent any persons, based on whose behavior Plaintiffs seek to hold Defendants liable, are innocent infringers.

### Fourteenth Affirmative Defense

57. Plaintiff's claims are barred to the extent that Plaintiff's alleged copyright interest is a derivative work and that Plaintiff did not have permission of the original author to create the derivative work.

WHEREFORE, Defendant prays this Honorable Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that Plaintiff shall take no relief from his Complaint herein;
3. For an award of Defendants' costs and attorneys' fees herein incurred; and
4. For such further and other relief as the Court deems fair and just.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ANSWER TO COMPLAINT AND COUNTERCLAIMS

## KETCHUM COUNTERCLAIMS

1. Defendant/Counterclaimant The Ketchum Group Inc. hereby asserts the following Counterclaim against Plaintiff Cameron Gainer.

## THE PARTIES

2. Defendant/Counterclaimant The Ketchum Group Inc. is a California corporation with its headquarters in Laguna Hills, California.

3. Plaintiff/Counterclaim-Defendant Cameron Gainer (hereinafter "Gainer") is, upon information and belief, an individual residing in Minneapolis, Minnesota.

## JURISDICTION AND VENUE

4. There is a real and actual controversy between The Ketchum Group on the one hand and Gainer on the other hand as to whether Gainer has a protectable copyright interest that The Ketchum Group has infringed.

5. This Court has subject matter jurisdiction over the below counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202 as the counterclaim is so related to the claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

6. This court has personal jurisdiction over Gainer because, among other reasons, Gainer has submitted to the personal jurisdiction of this Court.

7. Venue in this District is proper over this counterclaim pursuant to 28 U.S.C. § 1391.

## BACKGROUND

8. Defendant/Counterclaimant The Ketchum Group Inc. dba Outdoor Technology is an apparel and technology products retailer.

9. Ketchum tailors its apparel and technology products to consumers interested in California-themed products.

10. Gainer purports to have a copyright in a statue and related photograph of the Bigfoot creature (hereinafter "Gainer Bigfoot Statute/Photograph"). The Gainer Bigfoot Statue/Photograph is a copy of, or at a minimum, derived from, the Famous Bigfoot Photograph which is referred to as frame 352 of the famous Patterson-Gimlin film, captured on October 20, 1967 by Roger Patterson and Robert Gimlin in Humboldt County, California (hereinafter "Famous Gimlin Bigfoot Photograph"). Gainer's photograph/statute and the Famous Gimlin Bigfoot Photograph are set forth below:



| Gainer Bigfoot Statute/Photograph | Famous Gimlin Bigfoot Photograph |
|---|---|

11. Gainer has accused Ketchum of copyright infringement based on Ketchum's logo. Ketchum's logo depicts a silhouette of Bigfoot. Gainer contends that he has a federal copyright interest in Gainer's purported placing of certain "hair tufts" on Bigfoot notwithstanding the fact that the Famous Gimlin Bigfoot Photograph also has hair tufts and Bigfoot, which is a gorilla-like creature, always has hair tufts.

12. By these Counterclaims, Ketchum seeks a declaration from this Court that Ketchum does not infringe any protectable copyright interest of Gainer.

# FIRST COUNTERCLAIM FOR DECLARATORY RELIEF OF NON-INFRINGMENT/INVALIDITY

13. Ketchum repeats and re-alleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

14. This is a declaratory judgment action under (i) the United Sates Copyright Act of 1976, 17 U.S.C. § 101 et. seq. (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the litigation and demand to cease and desist use of Ketchum's Logo on its apparel and electronics, Ketchum seeks relief from this Court.

15. Gainer purports to have a derivative copyrightable interest the placement of "hair tufts" on a Bigfoot creature.

16. By this claim, The Ketchum Group seeks a declaratory judgment that Gainer's placement of "hair tufts" on a Bigfoot creator are not original, and to the extent placing "hair tufts" on Bigfoot was original, it does not possesses the sufficient quantum of creativity to qualify for federal copyright protection under the Copyright Act. The Ketchum Group further seeks a declaration that to the extent there is any protectable copyright interest in Gainer's Bigfoot hair tufts, that The Ketchum Group does not infringe any such protectable copyright interest of Gainer.

17. The Ketchum Group also seeks a declaration that the Gainer Bigfoot Statue/Photograph is not subject to federal copyright protection.

18. The Ketchum Group also seeks declaratory judgment of non-infringement of any valid copyright interest of Gainer.

/ / /
/ / /
/ / /
/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays to this Honorable Court for the following relief:

1. That judgment be entered in favor of Defendant on Plaintiff's Claims;
2. That judgment be entered in favor of Counter-Claimant on Counter-Claimant's claims;
3. That the Court issue a declaration that: [1] Gainer's placement of "hair tufts" on Bigfoot are not original, [2] to the extent placing "hair tufts" on Bigfoot was original to Gainer, that it does not possesses the sufficient quantum of creativity to qualify for federal copyright protection under the Copyright Act, and [3] to the extent there is any protectable copyright interest in Gainer's Bigfoot hair tufts, that The Ketchum Group does not infringe any such protectable copyright interest of Gainer.
4. The Ketchum Group also seeks a declaration that the Gainer Bigfoot Statue/Photograph is not subject to federal copyright protection.
5. That the Court issue a declaration that The Ketchum Group does not infringe upon any protectable copyright interest of Gainer.
5. For an award of Defendant's costs and attorneys' fees herein incurred as allowed by law; and
6. For such further and other relief and the Court deems fair and just.

DATED: June 8, 2017         THE KNEAFSEY FIRM, INC.

By  */s/ Sean M. Kneafsey*
Sean M. Kneafsey
Attorneys for Defendant THE KETCHUM GROUP, INC.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of any issue triable by right of a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: June 8, 2017         THE KNEAFSEY FIRM, INC.


By _____*/s/ Sean M. Kneafsey*_____
Sean M. Kneafsey
Attorneys for Defendant and Counter-Claimant
The Ketchum Group, Inc.