Robins Kaplan LLP
Christopher K. Larus, Bar No. (0226828)
CLarus@RobinsKaplan.com
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Telephone: 612 349 8500
Facsimile:  612 339 4181

Attorneys for Defendant and Counter-Claimant
THE KETCHUM GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON GAINER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE KETCHUM GROUP, INC., d/b/a OUTDOOR TECHNOLOGY,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIMS | Case No.  8:17-CV-00672<br><br>[Hon. James V. Selna]<br><br>**PLAINTIFF GAINER'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION TO DENY OR CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[[Proposed] Order filed concurrently herewith] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Cameron Gainer (hereinafter "Mr. Gainer") will and hereby do move this Court, on an *Ex Parte* basis, and pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, for an Order to Deny or Continue Defendant's Motion for Summary Adjudication until the close of discovery or April 27, 2018, on grounds that Mr. Gainer requires expert discovery in order to adequately oppose the motion. Further, with Gainer's impending cross-motion for Summary Judgment on virtually the same issues, Gainer invokes the Court's inherent powers

to impose a stay on Defendant's Motion and for the parties to coordinate on a common date for the hearing to their summary judgment cross-motions.

The *Ex Parte* Application is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Christopher K. Larus, the [Proposed] Order lodged concurrently herewith, and the Court's file on this matter.

## STATEMENT OF *EX PARTE* NOTICE

This application is made following the exchange of correspondences between counsel and related conference of counsel pursuant to L.R. 7-3 on March 23, 2018. Pursuant to this conference, Defendant's counsel was notified of this *Ex Parte* Application following counsel's denial of Mr. Gainer's request to continue the hearing on its Motion for Summary Judgment in order to permit the completion of specific discovery which Mr. Gainer identifies as required with respect to his opposition to Defendant's Motion, and to allow the parties' related cross-motions to be heard contemporaneously avoiding the useless consumption of judicial resources. *See* Larus Decl. Exs. 1, 2. Further, Defendant's counsel does not oppose this application.

Correspondence reflecting this notice is attached to the Declaration of Christopher Larus as Exhibits 1,2. *See also* Larus Decl., at ¶ 1, 2.

Dated: March 26, 2018     **ROBINS, KAPLAN L.L.P.**

By: ___/s/ *Draft*_____
     Christopher K. Larus
Attorneys for Plaintiff,
CAMERON GAINER, AN INDIVIDUAL

## MEMORANDUM

**A.     Standards Under Federal Rule of Civil Procedure 56(d)**

District Courts have wide discretion to continue motions for summary judgment under Rule 56(d) to permit discovery of potentially favorable information, as follows:

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order."

*Id.; see also VISA Intern. Service Ass'n v. Bankcard Holders of America*, 784 F.2d 1472, 1475-76 (9th Cir. 1986) (request under Rule 56(d) should be granted where "the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.").

In construing Rule 56(d), the Ninth Circuit has repeatedly explained that "[S]ummary judgment should not be granted while opposing party timely seeks discovery of potentially favorable information." *Garrett, supra*, 818 F.2d at 1518 (9th Cir. 1987) (construing Rule 56(d) and reversing trial court's grant of summary judgment as premature) (emphasis added); *VISA Intern. Service Ass'n, supra*, 784 F.2d at 1475-76 (reversing grant of summary judgment where party opposing motion identified discovery required to oppose the motion); *Jewel Cos. v. Pay Less Drug Stores North-West, Inc.*, 741 F.2d 1555, 1566 (9th Cir. 1984) (summary judgment on contract claim improper given potential extrinsic evidence required for interpretation of contract); *Alghanim v. Boeing Co.*, 477 F.2d 143, 149 (9th Cir. 1973) (refusal to grant a continuance to allow production of affidavits constituted abuse of discretion).

The purpose of this rule is to prevent the opposing party from being "railroaded" where it has not "had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (discussing the former Rule 56(f)). "For

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS

1  the Court to consider only one party's expert opinions and reports on summary
2  judgment, would undoubtedly yield a fruitless endeavor and strikes this Court as a
3  waste of judicial resources." *Chek-Med Sys. v. PMT Corp.*, No. 1:09-cv-174, 2011
4  U.S. Dist. LEXIS 162571, at *16 (M.D. Pa. Apr. 14, 2011) (applying rule 56(d) to
5  stay briefing on summary judgment motion until after completion of agreed upon
6  expert discovery).

7  **An Adequate Response to Defendant's Motion Requires Expert Discovery**

8  As set forth herein and in Larus' Declaration, on March 5, 2018, Defendant
9  submitted the Expert Report of Harvey Levenson, in which defendant's expert opined
10 as the lack of sufficient originality in Gainer's works. (Ex.___). Defendant's expert
11 further opined on whether the works in question are derivative of the Patterson
12 Gimlin film. *Id.* On March 12, 2018, Defendant filed its Motion for Summary
13 Judgment on the same grounds – a finding that Gainer's works are derivative and
14 lack sufficient originality to garner copyright protection. (Dkt. 40). Defendant's
15 Motion is based on matters which are the subject of ongoing expert discovery.

16 Plaintiff expects to serve a rebuttal expert opinion on Defendant on exactly the
17 same grounds above. The deadline for such a rebuttal falls on April 6, 2018, two
18 weeks before the deadline for Plaintiff's response to Defendant's Motion. (*See* Dkt.
19 28-1). Further, Plaintiff seeks to depose Defendant's expert and expert discovery
20 closes on April 27, 2018.

21 Plaintiff requests Defendant's Motion be continued until after the completion
22 of expert discovery, as such would allow for a complete and developed record on
23 these matters pertinent to the Court's ruling. Particularly, Plaintiff seeks testimony
24 from its expert regarding the level of originality, skill and expertise involved in the
25 creation of *Gainer's Forest Through The The Trees* sculpture. Gainer anticipates
26 testimony which will shed abundant light on the techniques of taxidermy utilized by
27 Mr. Gainer in the creation of his works. Given that this will go to the question of
28 originality, Plaintiff feels that the absence of such testimony will rob him of the

ability to fully defend Defendant's summary judgment motion. Moreover, Plaintiff seeks to depose Defendant's expert on the basis for his opinion that -- Mr. Gainer's works are not sufficiently original for copyright protection, an assertion replete in Defendant's Memorandum in support of its request for summary Judgment. Cite. Without its rebuttal expert report and deposition of Defendant's expert on these specific issues raised in Defendant's Motion, Mr. Gainer will effectively be barred from fully and effectively preparing a response to Defendant's pending motion.

As the Ninth Circuit stated in *Garrett*, Mr. Gainer believes this Court should not move forward with Defendant's Motion for Summary Judgment "while opposing party [Gainer] timely seeks discovery of potentially favorable information." As set forth herein and in the Larus Declaration, this Court should deny or continue Defendant's Motion for Summary Judgment under Rule 56(d) until Gainer has had an opportunity to complete expert discovery on the issues raised by Defendant in its motion.

### B. The Court's Inherent Powers

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Marshall v. Hilliard (In re Marshall)*, No. SACV-01-0097 DOC, 2013 U.S. Dist. LEXIS 76330, at *5-6 (C.D. Cal. May 29, 2013) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). Whether to stay an action depends on a court's exercise of judgment in balancing potentially competing interests. *Id. (citing Kan. City S. Ry. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

As set forth in the Larus Declaration, Mr. Gainer has notified Defendant in an exchange on March 21, 2018 and subsequent March 23, 2018 conference pursuant to LR 7-3 of his impending cross-motion for summary judgment. In light of the substantial overlap in subject matters between the parties' motions, Plaintiff has

requested that the parties coordinate for a single hearing date for their related motions. Without a hint of justification, Defendant has refused this request, abdicating to its responsibilities of judiciousness to this Court. Defendant has not to date state any prejudice it will face as a result of Mr. Gainer's request. Instead, it is evident that the interests of all parties, including this Court, will be best served with this reasonable accommodation to a single date for a hearing on motions that substantially overlap.

Given Defendant's refusal of Gainer's request, Gainer respectfully invoke this Court's inherent power to stay Defendant's Motion and to direct the parties to agree on a single date for their cross-summary judgment motions.

### C. CONCLUSION

For the foregoing reasons, Gainer respectfully requests that Ketchum's summary judgment motion be denied or continued until the completion of expert discovery, at a date to be mutually agreed upon by all parties.

DATED: March 26, 2018          ROBINS KAPLAN LLP

                               By: */s/ Draft*
                                   Christopher K. Larus
                                   Attorneys for Plaintiff,
                                   CAMERON GAINER, An Individual

### DECLARATION OF CHRISTOPHER K. LARUS

I, Christopher K. Larus, declare:

I am a partner in the law firm of Robins, Kaplan L.L.P., counsel for Plaintiff

Cameron Gainer, an individual ("Mr. Gainer") in the above-captioned action. I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called as a witness, I would and could competently testify thereto.

**Summary of Evidence Required to Oppose Plaintiff's Motion for Summary Adjudication**

    **A.    Expert Discovery on Copyrightability**

    1.    On March 5, 2018, Defendant submitted the Expert Report of Harvey Levenson, in which defendant's expert opined as the lack of sufficient originality in Gainer's works. Cite. Defendant's expert further opined on whether the works in question are derivative of the Patterson Gimlin film. *Id.* On March 12, 2018, Defendant filed its Motion for Summary Judgment on the same grounds – a finding that Gainer's works are derivative and lack sufficient originality to garner copyright protection. (Dkt. 40). Defendant's Motion is based on matters which are the subject of ongoing expert discovery.

    2.    Plaintiff expects to serve a rebuttal expert opinion on Defendant on exactly the same grounds above. The deadline for such a rebuttal falls on April 6, 2018, two weeks before the deadline for Plaintiff's response to Defendant's Motion. (*See* Dkt. 28-1). Further, Plaintiff seeks to depose Defendant's expert and expert discovery closes on April 27, 2018.

    3.    The deadline for Summary Judgment in this matter is June 25, 2018. (Dkt. 28-1).

    4.    As set forth in Exhibits A and B, Gainer has approached Defendant's counsel for an agreement to continue the briefing deadlines relating to Defendant's Motion for Summary Judgment until after the deadline for completion of expert discovery. Defendant's Motion has raised issued of copyrightability with respect to Gainer's copyrighted works. Defendant has submitted an Expert Report on this issue of copyrightability in which it asserts that Gainer's works are not sufficiently original to merit copyright protection, an assertion replete in Defendant's Motion before the

Court. Plaintiff believes that arguments presented in its expert rebuttal report, which according to the Court's deadline is due on April 6, 2018, is essential to its ability to respond to Defendant's motion adequately. Given the technical nature of the taxidermy techniques at play in Gainer's works, such evidence will be used to support Plaintiff's claim of sufficient copyrightability under the laws.

5. Mr. Gainer would like the opportunity to depose Defendant's expert on the basis for his opinion relating to copyrightability, and other issues pertinent to Defendant's brief.

I declare under penalty of perjury under the laws of the United States of America and the State of Minnesota that the foregoing is true and correct to the best of my knowledge.

Executed this 26th day of March, 2018, in Minneapolis, Minnesota.

/s/ *Draft*

Christopher K. Larus

| | | |
|---|---|---|
| 1 | DATED: March 16, 2018 | **ROBINS KAPLAN LLP** |
| 2 | | |
| 3 | | By: _____<br>    Christopher K. Larus (0226828) |
| 4 | | 800 LaSalle Avenue<br>Suite 2800 |
| 5 | | Minneapolis, MN  55402<br>612 349 8500 |
| 6 | | |
| 7 | | **ATTORNEYS FOR DEFENDANT AND COUNTER-CLAIMANT<br>THE KETCHUM GROUP, INC.** |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MINNEAPOLIS