THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
KURT A. DREIBHOLZ (SBN 212779)
kdreibholz@kneafseyfirm.com
800 Wilshire Blvd., Suite 710
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

Attorneys for Defendant and Counter-claimant
THE KETCHUM GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON GAINER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>THE KETCHUM GROUP, INC., d/b/a OUTDOOR TECHNOLOGY,<br><br>Defendant. | Case No.: 8:17-CV-00672<br><br>[Hon. James v. Selna]<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO DENY OR CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| AND RELATED COUNTER-CLAIMS | |

# I.     INTRODUCTION

Plaintiff's *ex parte* application should be denied because there are no facts beyond Plaintiff's control that warrant a continuance.  Fact discovery is closed, and Plaintiff does not contend that there are any facts outside of his control upon which he needs to oppose Defendant's Motion for Summary Judgment.

Instead, Plaintiff's exclusive grounds for seeking a continuance is Plaintiff's purported need to have his expert, Shannon Gilley, who has already prepared an opening report [*See* ECF No. 44 at ¶ 9; ECF No. 44-5], prepare a rebuttal report and to depose Defendant's expert.

However, Plaintiff bears the burden of proof on the issue of originality[1] (which is the central issue on Defendant's MSJ), and Mr. Gilley's opinion on originality should have been included in his opening report.

Moreover, Mr. Gilley could have simply submitted an expert declaration with Plaintiff's Opposition, and Plaintiff gives no reason why he did not.

Further, Defendant did not even submit an expert declaration with its MSJ.  As a result, there is no opinion to rebut, and Plaintiff does not need Defendant's expert's deposition to oppose the motion.

In addition, expert testimony is not even necessary because, as set forth in Defendant's MSJ, the issue of whether Plaintiff's Bigfoot Silhouette is sufficiently different from the infamous prior art Patterson-Gimlin Bigfoot is a legal one.  *See Gracen v. Bradford Exch. & MGM,* 698 F. 2d 300, 304 (7th Cir. 1983) ("But especially as applied to derivative works, the concept of originality in copyright law

---

[1] *See* Ninth Circuit Model Jury Instruction 17.5 ("On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:  1.  the plaintiff is the owner of a valid copyright.").  *See* Ninth Circuit Model Instruction 17.6 ("The plaintiff is the owner of a valid copyright in . . . if the plaintiff proves by a preponderance of the evidence that: 1.  the plaintiff's work is original")

1  has as one would expect a legal rather than aesthetic function -- to prevent

2  overlapping claims.").

3       The issue of the originality of Plaintiff's Bigfoot Silhouette as compared to

4  the infamous Patterson-Gimlin Bigfoot has been the central issue in this case since it

5  was filed.  [*See, e.g.,* ECF No. 21 at ¶ 10].  Plaintiff has subjected Defendant to over

6  a year of litigation, fact discovery is closed, and there is no reason to delay

7  resolution of this issue any further, other than to subject Defendant to more cost and

8  expense.  The lack of originality of Plaintiff's Bigfoot Silhouette is a discrete issue

9  that completely disposes of this this case.  There should be no further delays and

10  resolution of this issue need not be combined with any other issue.

11       Finally, "extraordinary relief" by way of *ex parte* application is not necessary

12  because Plaintiff has raised the Rule 56(d) issue in its Opposition to Defendant's

13  MSJ itself.  (*See* Hon. James V. Selna Procedure No. 6 ("Ex Parte applications are

14  for extraordinary relief only.")).  And raising this issue by *ex parte* application does

15  not give Defendant a fair opportunity to respond.

16       In this regard, Plaintiff waited to file this *ex parte* application until the day

17  after its Opposition to Defendant's MSJ was due.  The *ex parte* application was not

18  faxed to Defendant's counsel until 10:48 a.m. this morning leaving Defendant's

19  counsel with less than a day to file this opposition.  Defendant's counsel requested

20  that Plaintiff stipulate that its opposition to this *ex parte* application be concurrently

21  filed with Defendant's Reply Brief (which is due on Monday); however,

22  Defendant's counsel did not respond.

23       Based on the foregoing, Defendant requests that the *ex parte* application be

24  denied.  Any consideration to a continuance should be done in conjunction with a

25  ruling on the motion itself.  Defendant's MSJ will further demonstrate to this Court

26  that a continuance is not warranted.  Further, it will give Defendant a full and fair

27  opportunity to brief the issue that it does not have now.

28

## II.    LEGAL STANDARD UNDER RULE 56(d)

Federal Rule of Civil Procxedure 56(d) states:

> When Facts Are *Unavailable to the Nonmovant*.  If a
> nonmovant shows by affidavit or declaration that, for
> specified reasons, it *cannot present facts* essential to
> justify its opposition, the court may: (1) defer considering
> the motion [or] (2) allow time to obtain affidavits or
> declarations or to take discovery.

Fed. R. Civ. P. 56(d) (emphasis added).

"To prevail on a request for additional discovery under Rule 56(d), a party must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619-20 (9th Cir. 2017).

"The party must also show that it 'diligently pursued its previous discovery opportunities, and . . . demonstrate that allowing additional discovery would . . . preclude[ ] summary judgment.'" *Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F.Supp.3d 891, 925 (N.D. Cal. 2016) quoting *Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir. 1999).

"Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'" *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

## III.    PLAINTIFF'S EX PARTE APPLICATION MUST BE DENIED

Here, Plaintiff does not meet his burden of establishing the *specific* facts he hopes to elicit from his expert's rebuttal opinion and the deposition of Defendant's expert, (2) that the facts sought actually exist, and (3) that Plaintiff diligently pursued his previous discovery opportunities from his own expert.

1    To begin, the sole declaration submitted in support of the application (the
2    Declaration of Christopher Larus [ECF No. 46-1]) states simply that "Plaintiff
3    expects to serve a rebuttal expert opinion" and "Plaintiff seeks to depose
4    Defendant's expert."  [ECF No. 46-1, Larus Decl., ¶ 2].  The declaration goes on to
5    state that:  "Given the technical nature of the taxidermy techniques at play in
6    Gainer's works, such evidence will be used to support Plaintiff's claim of sufficient
7    copyrightability under the laws" and "Mr. Gainer would like the opportunity to
8    depose Defendant's expert."  [ECF No. 46-1, Larus Decl., ¶¶ 4-5].  The rest of the
9    Larus Declaration lists dates when documents were filed or are due to be filed and
10   two exhibits Plaintiff contends are relevant to the ex parte application.  [ECF No.
11   46-1, Larus Decl., ¶¶ 1, 3, 6, 7].

12   Yet Plaintiff does not state in this declaration what *specific* facts he needs to
13   elicit.  Nor does he even begin to declare that the sough-after facts actually exist.
14   Plaintiff presents no examples of his expert's opinion, fails to offer excerpts from
15   his expert's existing report or proposed rebuttal report, and fails to even attach a
16   declaration from his expert.  His own expert submitted an initial report on March 9,
17   2018, pursuant to this Court's Scheduling Order.  Since Plaintiff, not Defendant,
18   bears the burden of establishing the originality of his work, this would have been an
19   easy task for Plaintiff to accomplish.

20   Separately, Plaintiff fails to explain how he failed to diligently pursue this
21   information from his own expert under *Marentes*.  This "opinion" is uniquely within
22   Plaintiff's control and which Plaintiff himself must establish as part of his burden of
23   proving originality.  Here, the facts concerning originality have always been
24   available to Plaintiff, as they are exclusively within his and his attorneys' control.
25   Indeed, the facts surrounding the originality of Plaintiff's works have been available
26   to Plaintiff since 2006 when he created his work and available to Plaintiff's counsel
27   since at least the date of the copyright registration in October 2016.

28

- 5 -

The Fifth Circuit Court of Appeals addressed a similar situation in *SEC v. Recile*, 10 F.3d 1093, 1098 (5th Cir. 1993).  There, the court wrote:

> [T]he request [under Rule 56(d)] need not be granted when the party opposing the motion 'simply relies on vague assertions that additional discovery will produce needed, but unspecified facts,' particularly when 'ample time and opportunities for discovery have already lapsed.
>
> Recile failed to identify to the district court what specific facts he was going to uncover or develop with additional discovery. Indeed, Recile failed . . . even to identify the specific issues that the additional discovery would have addressed. Furthermore, Recile had been involved in discovery for fifteen months before the hearing on the summary judgment motion--discovery that focused on facts regarding his mental state that *were within his easy grasp*.

*SEC v. Recile*, 10 F.3d 1093, 1098 (5th Cir. 1993) (emphasis added).

As in *Recile*, Plaintiff has been involved in discovery for approximately twelve months before the summary judgment hearing date on April 16, 2018.  Fact discovery is now closed.  [ECF No. 35.]

The facts surrounding the alleged originality of Plaintiff's two works are uniquely within Plaintiff's "easy grasp" and have been so since 2006.  Last, Plaintiff does not state by declaration what specific facts the "rebuttal expert opinion" will establish.  [*See* ECF No. 46, Ex Parte Application, p. 2].  Rather, Plaintiff is content to simply state that "Defendant's Motion Requires Expert Discovery" and that "Plaintiff expects to serve a rebuttal expert opinion on Defendant."  [*See* ECF No. Ex Parte Application, p. 2, lines 3-4, 14-15].  Further, as illustrated by Defendant's

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

1  MSJ, expert testimony is not even needed on this issue.  *See Gracen,* 698 F. 2d at

2  304.

3          The same failings are present with respect to Plaintiff's claim that he needs to

4  depose Defendant's expert, although he concedes that he has already read and

5  digested Defendant's expert's initial report at length.  [*See* ECF No. 46-1, Larus

6  Decl., ¶¶ 1, 4].  And again, Defendant did not submit an expert declaration in

7  support of its MSJ so Plaintiff does not need the deposition to oppose it.

8          Finally, the cases cited by Plaintiff actually support Defendant's position.

9  None involve the situation here where fact discovery is closed, and the Plaintiff

10  relies on Rule 56(d) to submit a declaration from his own expert (on an issue on

11  which Plaintiff bears the burden of proof).  In *Visa Int'l Services, Assn, v. Bankcard*

12  *Holders of America,* 784 F.2d 1472 (9th Cir. 1986), fact discovery was open and

13  there was an outstanding motion to compel discovery responses on issues that were

14  within the defendant—the moving parties'--control.  *Id.* at 1476.  The plaintiff

15  identified specifically the evidence it sought to obtain from the defendant on the

16  pending discovery motion.  *Id.*

17          Likewise, in *Garrett v. San Francisco,* v. 818 F.2d 1515, 1518-19 (9th Cir.

18  1987), fact discovery was still open and the plaintiff had a pending motion to

19  compel.  *Id.* The specific discovery sought was exclusively within the defendant's

20  control and directly relevant to the issues on summary judgment.  *Id.*

21          *Jewel Cos v. Pay Less Drug Stores North -West, Inc.,* 741 F.2d 1555, 1567

22  (9th Cir. 1984) is simply inapplicable.  There, the Court of Appeal revised the trial

23  court's grant of summary judgment finding that there were triable issues of fact.  *Id.*

24  at 1567 ("We therefore hold that because material issues of fact await resolution the

25  district court erred in disposing of this issue on a motion for summary judgment").

26          *Alghanim v. Boeing Co.* 477 F.2d 143, 147-48 (9th Cir. 1973) involved the

27  unusual situation where the plaintiff was a resident of Kuwait and "it was

28  impossible to prepare affidavits, mail them to Kuwait, and have them returned to

- 7 -

Seattle prior to the hearing scheduled for February 5, 1971." *Id.*  Given that it was 1973, there was no fax or email, and the plaintiff was logistically unable to obtain a signed declaration from halfway around the world in time to oppose the motion.

None of these factors are present here.  Plaintiff fails to meet his burden under *Midbrook Flowerbulbs Holland* and *Marentes*, Plaintiff's ex parte application should be denied.  *See Family Home & Fin. Ctr.*, 525 F.3d at 827.

## IV.   CONCLUSION

Defendant respectfully requests that the *ex parte* application be denied and that any consideration of this issue be done in conjunction with the Court's ruling on the motion itself as the same issue is raised in Plaintiff's Opposition.

DATED: March 27, 2018          THE KNEAFSEY FIRM, INC.


*/s/ Sean M. Kneafsey*
By _____
Sean M. Kneafsey
Attorneys for Defendant and Counter-Claimant
THE KETCHUM GROUP, INC.

- 8 -